

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 10 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**VOLVO FINANCIAL SERVICES,**
a division of VFS US LLC                                    **PLAINTIFF**

v.                                    CIVIL ACTION NO. 1:17cv104LG-RHW

**ELVIS WILLIAMSON**                                        **DEFENDANT**

### VERIFIED COMPLAINT

Volvo Financial Services, a division of VFS US LLC ("Plaintiff"), through undersigned counsel, files this Verified Complaint against Elvis Williamson, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these proceedings pursuant to the provisions of 28 USC § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Venue is proper in this district pursuant to 28 USC § 1391 because a substantial amount of the events or omissions giving rise to the claims occurred in this district.

### PARTIES

2. Plaintiff is a limited liability company formed under the laws of the State of Delaware with its principal place of business located in Greensboro, North Carolina whose sole member, VNA Holdings, Inc., is a Delaware Corporation.

3. Upon information and belief, Defendant Elvis Williamson ("Williamson") is a citizen of the State of Mississippi and resides in Poplarville, Mississippi.

1

# FACTS

## Financing Agreements, Collateral, and Security Interests

4.  On or about April 17, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 001 Contract") through which Williamson borrowed the principal amount of $80,260.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2011 | Volvo | VNL64T 780 | 292725 |

(the "Schedule 001 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 48 monthly payments of $2,140.85. A true and correct copy of the Schedule 001 Contract is attached hereto as **Exhibit A** and incorporated herein.

5.  In order to secure the payment of all sums due under the Schedule 001 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 001 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 001 Collateral").

6.  Plaintiff properly perfected its interest in the Schedule 001 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on May 20, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B** and incorporated herein.

2

7. On or about April 25, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 002 Contract") through which Williamson borrowed the principal amount of $77,260.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2011 | Volvo | VNL64T 780 | 292726 |

(the "Schedule 002 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 48 monthly payments of $2,060.82. A true and correct copy of the Schedule 002 Contract is attached hereto as **Exhibit C** and incorporated herein.

8. In order to secure the payment of all sums due under the Schedule 002 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 002 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 002 Collateral").

9. Plaintiff properly perfected its interest in the Schedule 002 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on May 20, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit D** and incorporated herein.

10. On or about July 30, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 003 Contract") through which Williamson borrowed the principal amount of $80,260.00 from Plaintiff to finance his purchase of the following:

3

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2011 | Volvo | VNL64T 780 | 531262 |

(the "Schedule 003 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 48 monthly payments of $2,151.44. A true and correct copy of the Schedule 003 Contract is attached hereto as **Exhibit E** and incorporated herein.

11.     In order to secure the payment of all sums due under the Schedule 003 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 003 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 003 Collateral").

12.     Plaintiff properly perfected its interest in the Schedule 003 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on August 20, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit F** and incorporated herein.

13.     On or about August 4, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 004 Contract") through which Williamson borrowed the principal amount of $80,260.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2011 | Volvo | VNL64T 780 | 292566 |

(the "Schedule 004 Equipment"). Williamson agreed to repay the amount borrowed, plus

4

interest, in 48 monthly payments of $2,152.19. A true and correct copy of the Schedule 004 Contract is attached hereto as **Exhibit G** and incorporated herein.

14. In order to secure the payment of all sums due under the Schedule 004 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 004 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 004 Collateral").

15. Plaintiff properly perfected its interest in the Schedule 004 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on August 25, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit H** and incorporated herein.

16. On or about September 19, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 005 Contract") through which Williamson borrowed the principal amount of $138,590.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|------|------|-------|------------------------------|
| 2015 | Volvo | VNL64T 780 | 914127 |

(the "Schedule 005 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 66 monthly payments of $2,706.85. A true and correct copy of the Schedule 005 Contract is attached hereto as **Exhibit I** and incorporated herein.

5

17. In order to secure the payment of all sums due under the Schedule 005 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 005 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 005 Collateral").

18. Plaintiff properly perfected its interest in the Schedule 005 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on October 20, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit J** and incorporated herein.

19. On or about November 25, 2014, Williamson, executed that certain Secured Promissory Note (the "Schedule 006 Contract") through which Williamson borrowed the principal amount of $65,490.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|------|------|-------|------------------------------|
| 2011 | Mack | CXU613 | 016363 |

(the "Schedule 006 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 48 monthly payments of $1,792.28. A true and correct copy of the Schedule 006 Contract is attached hereto as **Exhibit K** and incorporated herein.

20. In order to secure the payment of all sums due under the Schedule 006 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 006 Equipment and "all present

6

and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 006 Collateral").

21. Plaintiff properly perfected its interest in the Schedule 006 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on December 30, 2014. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit L** and incorporated herein.

22. On or about March 25, 2015, Williamson, executed that certain Secured Promissory Note (the "Schedule 007 Contract") through which Williamson borrowed the principal amount of $41,690.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2006 | Peterbilt | 379 Extended Hood | 886789 |

(the "Schedule 007 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 30 monthly payments of $1,669.66. A true and correct copy of the Schedule 007 Contract is attached hereto as **Exhibit M** and incorporated herein.

23. In order to secure the payment of all sums due under the Schedule 007 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 007 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper,

electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 007 Collateral").

24.   Plaintiff properly perfected its interest in the Schedule 007 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on May 18, 2015. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit N** and incorporated herein.

25.   On or about June 2, 2015, Williamson, executed that certain Secured Promissory Note (the "Schedule 008 Contract") through which Williamson borrowed the principal amount of $36,690.00 from Plaintiff to finance his purchase of the following:

| Year | Make | Model | VIN/Serial Number Ending In |
|---|---|---|---|
| 2005 | Peterbilt | 379 Extended Hood | 860465 |

(the "Schedule 008 Equipment"). Williamson agreed to repay the amount borrowed, plus interest, in 30 monthly payments of $1,464.79. A true and correct copy of the Schedule 008 Contract is attached hereto as **Exhibit O** and incorporated herein.

26.   In order to secure the payment of all sums due under the Schedule 008 Contract, as well as all other debts and obligations at any time owed by Williamson to Plaintiff, Williamson granted Plaintiff a security interest in the Schedule 008 Equipment and "all present and future attachments, accessions, replacements, parts, proceeds (including insurance proceeds), income, earnings, accounts, rights to payment (including monetary obligations, whether or not earned by performance), secondary obligations incurred or to be incurred, chattel paper, electronic chattel paper, general intangibles, payment intangibles, warranties, service contracts, documents, and records now or hereafter arising from the Equipment" (collectively, the "Schedule 008 Collateral").

27.     Plaintiff properly perfected its interest in the Schedule 008 Collateral as evidenced by the Certificate of Title issued by the State of Mississippi on July 16, 2015. A true and correct copy of the Certificate of Title is attached hereto as **Exhibit P** and incorporated herein.

### Default

28.     Pursuant to the terms of the Schedule 001 Contract, the Schedule 002 Contract, the Schedule 003 Contract, the Schedule 004 Contract, the Schedule 005 Contract, the Schedule 006 Contract, the Schedule 007 Contract, and the Schedule 008 Contract Williamson is in default if he, among other things, fails to pay any amount due under obligations to Plaintiff under any agreement, contract or indebtedness of any kind. Upon default, Plaintiff may, at its option, declare all indebtedness due to Plaintiff immediately due, and, without notice, demand or legal process, take possession of the Schedule 001 Collateral, the Schedule 002 Collateral, the Schedule 003 Collateral, the Schedule 004 Collateral, the Schedule 005 Collateral, the Schedule 006 Collateral, the Schedule 007 Collateral, and the Schedule 008 Collateral.

29.     Williamson defaulted under the terms of the Schedule 001 Contract, the Schedule 002 Contract, the Schedule 003 Contract, the Schedule 004 Contract, the Schedule 005 Contract, the Schedule 006 Contract, the Schedule 007 Contract, and the Schedule 008 Contract by, *inter alia*, failing to remit the payments due under the Schedule 001 Contract, the Schedule 002 Contract, the Schedule 003 Contract, the Schedule 004 Contract, the Schedule 005 Contract, the Schedule 006 Contract, the Schedule 007 Contract, and the Schedule 008 Contract.

30.     At the time of the default, the remaining balance due under the Schedule 001 Contract was $59,608.11.

31. At the time of the default, the remaining balance due under the Schedule 002 Contract was $60,073.28.

32. At the time of the default, the remaining balance due under the Schedule 003 Contract was $61,693.69.

33. At the time of the default, the remaining balance due under the Schedule 004 Contract was $68,741.19.

34. At the time of the default, the remaining balance due under the Schedule 005 Contract was $107,407.12.

35. At the time of the default, the remaining balance due under the Schedule 006 Contract was $53,835.32.

36. At the time of the default, the remaining balance due under the Schedule 007 Contract was $24,559.38.

37. At the time of the default, the remaining balance due under the Schedule 008 Contract was $29,420.63.

### Repossession and Sale of Equipment

38. Following the default by Williamson on the indebtedness owed to Plaintiff, the Schedule 001 Equipment was repossessed by the Plaintiff.

39. Following the repossession of the Schedule 001 Equipment, Plaintiff sold the Schedule 001 Equipment in a commercially reasonable manner at a private sale for $19,700.00. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit Q** and incorporated herein.

40. Following the default by Williamson on the indebtedness owed to Plaintiff, the Schedule 002 Equipment was repossessed by the Plaintiff.

41. Following the repossession of the Schedule 002 Equipment, Plaintiff sold the Schedule 002 Equipment in a commercially reasonable manner at a private sale for $25,001.00. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit R** and incorporated herein.

42. Following the default by Williamson on the indebtedness owed to Plaintiff, the Schedule 003 Equipment was repossessed by the Plaintiff.

43. Following the repossession of the Schedule 003 Equipment, Plaintiff sold the Schedule 003 Equipment in a commercially reasonable manner at a private sale for $25,500.00. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit R** and incorporated herein.

44. Following the default by Williamson on the indebtedness owed to Plaintiff, the Schedule 004 Equipment was repossessed by the Plaintiff.

45. Following the repossession of the Schedule 004 Equipment, Plaintiff sold the Schedule 004 Equipment in a commercially reasonable manner at a private sale for $24,129.00. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit R** and incorporated herein.

46. Following the default by Williamson on the indebtedness owed to Plaintiff, the Schedule 005 Equipment was repossessed by the Plaintiff.

47. Following the repossession of the Schedule 005 Equipment, Plaintiff sold the Schedule 005 Equipment in a commercially reasonable manner at a private sale for $69,010.00. A true and correct copy of the Notice of Sale is attached hereto as **Exhibit S** and incorporated herein.

48. Following the default by Williamson on the indebtedness owed to Plaintiff, Plaintiff received insurance proceeds in the amount of $49,829.70, which were applied to the Schedule 006 Contract.

49. Plaintiff has refused to return the Schedule 007 Equipment and the Schedule 008 Equipment.

### Deficiency Amount

50. After applying the proceeds from the sale of the Schedule 001 Equipment to the total amount of indebtedness owed by Williamson to Plaintiff, a deficiency remains in the amount of $45,791.34 pursuant to the Schedule 001 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit T** and incorporated herein.

51. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit U** and incorporated herein.

52. After applying the proceeds from the sale of the Schedule 002 Equipment to the total amount of indebtedness owed by Williamson to Plaintiff, a deficiency remains in the amount of $40,640.28 pursuant to the Schedule 002 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit V** and incorporated herein.

53. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit W** and incorporated herein.

54. After applying the proceeds from the sale of the Schedule 003 Equipment to the total amount of indebtedness owed by Williamson to Plaintiff, a deficiency remains in the

amount of $39,398.81 pursuant to the Schedule 003 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit X** and incorporated herein.

55. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit Y** and incorporated herein.

56. After applying the proceeds from the sale of the Schedule 004 Equipment to the total amount of indebtedness owed by Williamson to Plaintiff, a deficiency remains in the amount of $44,912.19 pursuant to the Schedule 004 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit Z** and incorporated herein.

57. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit AA** and incorporated herein.

58. After applying the proceeds from the sale of the Schedule 005 Equipment to the total amount of indebtedness owed by Williamson to Plaintiff, a deficiency remains in the amount of $40,228.37 pursuant to the Schedule 005 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit BB** and incorporated herein.

59. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit CC** and incorporated herein.

60. After applying the insurance proceeds that Plaintiff received for the Schedule 006 Equipment, a deficiency remains in the amount of $4,005.62 pursuant to the Schedule 006 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit DD** and incorporated herein.

61. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit EE** and incorporated herein.

62. Williamson has refused to return the Schedule 007 Equipment. A deficiency amount remains in the amount of $24,559.38 to Plaintiff pursuant to the Schedule 007 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit FF.**

63. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit GG** and incorporated herein.

64. Williamson has refused to return the Schedule 008 Equipment. A deficiency amount remains in the amount of $29,420.63 to Plaintiff pursuant to the Schedule 008 Contract. A true and correct copy of the Deficiency Balance Calculation is attached hereto as **Exhibit HH.**

65. Amicable demand has been made on Williamson, to no avail, for the payment of the deficiency amount. A true and correct copy of the Demand Letter is attached hereto as **Exhibit II** and incorporated herein.

## COUNT I – BREACH OF CONTRACT BY WILLIAMSON

66. Plaintiff repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

67. Currently, Williamson owes the sum of $45,791.34 to Plaintiff pursuant to the Schedule 001 Contract.

68. Demand has been made on Williamson to remit the balance due under the Schedule 001 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

69. Currently, Williamson owes the sum of $40,640.28 to Plaintiff pursuant to the Schedule 002 Contract.

70. Demand has been made on Williamson to remit the balance due under the Schedule 002 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

71. Currently, Williamson owes the sum of $39,398.81 to Plaintiff pursuant to the Schedule 003 Contract.

72. Demand has been made on Williamson to remit the balance due under the Schedule 003 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

73. Currently, Williamson owes the sum of $44,912.19 to Plaintiff pursuant to the Schedule 004 Contract.

74. Demand has been made on Williamson to remit the balance due under the Schedule 004 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

75. Currently, Williamson owes the sum of $40,228.37 to Plaintiff pursuant to the Schedule 005 Contract.

76. Demand has been made on Williamson to remit the balance due under the Schedule 005 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

77. Currently, Williamson owes the sum of $4,005.62 to Plaintiff pursuant to the Schedule 006 Contract.

78. Demand has been made on Williamson to remit the balance due under the Schedule 006 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

79. Currently, Williamson owes the sum of $24,559.38 to Plaintiff pursuant to the Schedule 007 Contract.

80. Demand has been made on Williamson to remit the balance due under the Schedule 007 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

81. Currently, Williamson owes the sum of $29,420.63 to Plaintiff pursuant to the Schedule 008 Contract.

82. Demand has been made on Williamson to remit the balance due under the Schedule 008 Contract to Plaintiff, but Williamson has failed and/or refused to remit the balance due.

83. As a result of the breach by Williamson, Plaintiff has been damaged in the aggregate amount of $268,956.62, with additional damages to be proven based upon the facts alleged herein, including but not limited to interest, costs, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Court enter judgment in their favor and against Defendant as follows:

    i. For damages in favor of Plaintiff and against Defendant Elvis Williamson in the amount of $268,956.62, plus continuing interest, attorneys' fees and costs and other damages as allowed in all pertinent agreements and laws;

ii. That Plaintiff's security interest in the Schedule 007 Collateral and the Schedule 008 Collateral be recognized, maintained and enforced and in due course that said property be ordered to be turned over to Plaintiff so that the same may be sold at a private sale in satisfaction of the amounts owed by Defendants and prayed for herein; and

iii. Any further legal and equitable relief this Court deems just and proper.

Respectfully submitted,

**ADAMS AND REESE LLP**

By: /s/ Robert Parrott
G. Robert Parrott II (MSB No. 103970)
Adams and Reese LLP
4500 One Shell Square
New Orleans, Louisiana 70139
Telephone:    504.581.3234
Facsimile:    504.566.0210
Email:    robert.parrott@arlaw.com
**Attorney for Volvo Financial Services, a division of VFS US LLC**

## VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

PHIL BAIN, being duly sworn, states that he is a duly authorized agent of the corporate plaintiff bringing the foregoing Verified Complaint, and that, as such, he has read the Verified Complaint, and that he has personal knowledge of the facts set forth therein, and knows the facts and circumstances set forth therein to be true and complete, both in substance and in fact, to the best of his/her knowledge and belief.

Volvo Financial Services,
a division of VFS US LLC

By: _____
PHIL BAIN

SUBSCRIBED AND SWORN TO BEFORE ME on this the 29th day of March, 2017.

NOTARY PUBLIC
KAREN B. SMOTHERS
GUILFORD COUNTY, NC
My Commission Expires November 15, 2021

_____
NOTARY PUBLIC/STATE OF NORTH CAROLINA