**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**VOLVO FINANCIAL SERVICES,
a division of VFS US LLC**                                               **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:17-cv-00104-LG-RHW**

**ELVIS WILLIAMSON**                                             **DEFENDANT**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT**

COMES NOW, Plaintiff Volvo Financial Services, a division of VFS US LLC ("Plaintiff" or "VFS"), and respectfully submits its Response in Opposition to Defendant Elvis Williamson's Motion to Alter or Amend Judgment [Doc. 26] (the "Motion") as follows:

**I.**      **INTRODUCTION**

Williamson's Motion should be denied because: (1) it is not justified by any intervening change in controlling law; (2) it points to no new evidence that was not previously available; and (3) it sets forth no clear error of law or manifest injustice.

On October 18, 2017, the Court entered its Memorandum Opinion and Order Regarding Motions for Summary Judgment [Doc. 22] and rendered a Judgment [Doc. 23] in favor of VFS and against Defendant Elvis Williamson ("Williamson" or the "Defendant"), in the amount of $268,956.62, plus interest, attorneys' fees and costs. The Court properly granted VFS's Motion for Summary Judgment [Doc. 12], finding the undisputed material facts supported VFS's claim for a deficiency judgment in the amounts that remain outstanding and owed by Williamson under his contracts with VFS. In addition, the Court properly denied Williamson's Motion for Partial Summary Judgment [Doc. 14], in which he argued VFS's claims under the first four promissory notes are barred by the statute of limitations set forth in Miss. code Ann. § 15-1-23.

On November 15, 2017, Williamson filed his instant Motion, in which he merely reasserts the same arguments that have previously been denied by this Court. Williamson disregards the principles underlying Rule 59(e) by attempting to relitigate his Motion for Partial Summary Judgment. It is well-settled that Rule 59 cannot be used in such a manner. For the reasons set forth herein, Williamson's Motion to Alter or Amend Judgment should be denied.

## II. LEGAL STANDARD

Williamson does not satisfy much less articulate the high standard he must meet in order to prevail on his Motion. The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A Rule 59(e) motion "calls into question the correctness of a judgment." *Independent Coca-Cola Employees' Union of Lake Charles v. Coca-Cola Bottling Company United*, 114 Fed. App'x 137, 143 (5th Cir. 2004). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*.

A motion under Rule 59(e) is properly granted only when the moving party establishes one of the three possible grounds for reconsideration:

(1) an intervening change in controlling law;

(2) the availability of new evidence not previously available; or

(3) the need to correct a clear error of law or prevent manifest injustice.

*Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. May 11, 1990). With respect to the third ground, the Court has cautioned "that any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Atkins*, 130 F.R.D. at 626. As the district court observed in *Atkins*:

> [T]he plaintiff in his brief brings forward no matter that could not have been argued before judgment was entered herein. His brief in support of his motion is no more than an expression of a view of the law contrary to that set forth in the Court's opinion. Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.

*Id.* (citing *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)). A Rule 59(e) motion may not be used to introduce new arguments that could have been raised prior to entry of the judgment. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

### III.  ARGUMENT[1]

In order to succeed on his Motion, Williamson must establish one of the following: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins*, 130 F.R.D. at 626. Williamson makes no reference to any intervening change in controlling law, points to no new evidence that was not previously available, and sets forth no clear error of law or manifest injustice. Rather, in clear violation of the principles underlying Rule 59(e), Williamson's Motion merely reargues his statute of limitations argument previously raised in his Motion for Partial Summary Judgment and rejected by this Court. Williamson's Motion fails to set forth any evidence, argument, or authority that was not raised before judgment was entered.

**A.   Williamson Does Not Argue an Intervening Change in Controlling Law.**

Williamson does not argue that the Court's judgment should be set aside due to an intervening change in controlling law. Therefore, the first possible ground for reconsideration is not present.

**B.   There is No New Evidence.**

---

[1] VFS incorporates by reference all arguments and authorities set forth in its Motion for Summary Judgment [Doc. 12], its Rebuttal in support of its Motion for Summary Judgment [Doc. 17], and its Response in opposition to Williamson's Motion for Partial Summary Judgment [Doc. 20]

Williamson does not argue the Court's judgment should be set aside because of any new evidence that was not previously available. Therefore, the second possible ground for reconsideration is not present.

**C.     There is No Clear Error or Manifest Injustice.**

Williamson fails to show any clear error of law or manifest injustice. Williamson's Motion consists of eight (8) paragraphs. His first six (6) paragraphs are nothing more than a recitation of the procedural history regarding the parties' respective motions for summary judgment and the Court's ruling. In his seventh and eight paragraphs, Williamson merely reasserts, without citation to any new legal authority or substantive argument, the same arguments he has already raised: (i) VFS's claims on the first four promissory notes are time-barred as a matter of law under Miss. Code Ann. § 15-1-23; and (ii) Miss. Code Ann. § 15-1-5 voids VFS's attempt to rely on the cross-collateralization clauses to extend the limitations period.

This Court's rejection of Williamson's statute of limitations argument was properly based on the facts and arguments in the summary judgment record and on the applicable legal authority. It is undisputed Williamson's global debt under the 8 notes was cross-collateralized by 8 commercial vehicles pursuant to the terms of the loan documents. The language of § 15-1-23 is clear: one must commence a deficiency suit on an installment note or a series of notes of three more within one year following the sale of the property pledged as security for said note or notes. Miss. Code Ann. § 15-1-23. Thus, following the sales of the first four pieces of collateral, the outstanding debt, including the deficiencies under Notes 1 through 4, remained pledged by the remaining collateral that was sold within the limitations period. Thus, the statute was never triggered and did not begin to run on VFS's deficiency claims under Notes 1 through 4 until the sale of the last piece of collateral, which fell within one year of the filing of VFS's

complaint.

Williamson's interpretation of § 15-1-23 defies logic. Application of the statute in the manner suggested by Williamson would require secured creditors in similar circumstances to file piecemeal litigation in order to protect their claims from being time-barred. Indeed, if Williamson's interpretation of the statute were correct, which it is not, VFS would have been required to file lawsuits on Notes 1 through 4 prior to February 26, 2017, February 2, 2017, February 9, 2017, January 27, 2017, respectively, despite the fact that VFS was unable to repossess the Schedule 007 and 008 Equipment until March 2017. Erroneous application of the statute in this manner would lead to an absurd result and a waste of judicial resources. The Court's prior ruling is supported by the plain language of the statute and interprets the statute in a manner most conducive to the promotion of justice and judicial efficiency. *See Dawson v. Townsend & Sons, Inc.*, 735 So. 2d 1131 (Miss. Ct. App. 1999) (holding that when a statute is ambiguous and subject to multiple interpretations, courts need to understand the possible effects in order not to interpret the statute in such a way as to cause absurd results); *Chandler v. City of Jackson Civil Service Comm'n*, 687 So. 2d 142, 144-45 (Miss. 1997) (holding that when construing a statute, all possible repercussions and consequences of construction should be considered).

Williamson also complains that the Court's Opinion and Order did not specifically address the second argument raised in his Rebuttal in support of his Motion for Partial Summary Judgment, that "[t]he prohibition of Miss. Code Ann. § 15-1-5 voids the Plaintiff's indirect attempt to change, in any way, the periods of limitations contained in Miss. Code Ann. § 15-1-23 by way of execute n of any of the subject Contracts 1 through 8."

Miss. Code Ann. § 15-1-5 provides:

5

> The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between the parties, and nay change in such limitations made by any contracts stipulation whatsoever shall be absolutely null and void, the object of this section being to make the period of limitations for the various causes of action the same for all litigants.

Miss. Code Ann. § 15-1-5.

The Notes at issue did not change the limitations period in violation of § 15-1-5. The loan documents contained cross-collateralization clauses, common lending provisions, which provided that all of Williamson's pledged collateral secured all of VFS's debt. This provision did not change the applicable limitations period. Rather, pursuant to the terms of the loan documents, all notes remained secured by the collateral repossessed and sold within the limitations period. Pursuant to the plain language of § 15-1-23, VFS's claims under Notes 1 through 4 are timely because they were "brought within one year from the date of the foreclosure or sale of the property pledged as security for said note or notes."

The sole case cited in Williamson's Rebuttal, *Chimento v. Fuller*, 965 So. 2d 668 (Miss. 2007), does not support his argument that § 15-1-5 is applicable in the instant case. In *Chimento*, the note holders argued the debtor waived any statute of limitations argument based on the following language contained in the note: "[e]very person at any time liable for the payment of the debt evidenced hereby . . . waives . . . any or all lack of diligence or delays in collection. . ." *Id.* at 673. The Mississippi Supreme Court rejected that argument, holding § 15-1-5 prohibits any waiver of the statute of limitations. In the instant case, VFS does not argue that Williamson waived the statute of limitations. Rather, VFS argues it only began to run within one year of its filing of the Complaint.

### IV. REQUEST TO SUPPLEMENT MOTION FOR ATTORNEYS' FEES

The Court's Judgment dated October 18, 2017, included an award of Plaintiff's attorneys'

6

fees and costs. [Doc. 23]. Pursuant to the instructions contained in the Court's Opinion and Order, Plaintiff filed a Motion for Attorneys' Fees [Doc. 24] and supporting Memorandum [Doc. 25], for an award of attorneys' fees under North Carolina law in the amount of $40,343.49 or, ni the alternative, for an award of attorneys' fees and costs under Mississippi law in the amount of $22,400.53. In the event this Court determines Mississippi law applies to the award of attorneys' fees, VFS requests the Court include in its award an additional $1,000.00 in fees it has incurred in having to file this Response to Williamson's meritless Motion to Alter or Amend Judgment.

## V.  CONCLUSION

For the foregoing reasons, Williamson's Rule 59(e) Motion should be denied because it is not justified by an intervening change in controlling law, it points to no new evidence that was not previously available, and it sets forth no clear error of law or manifest injustice. Williamson brings forward no argument that was not, or could not have been, argued before judgment was entered. Williamson's Motion is an improper use of Rule 59(e) and fails to satisfy the high standard necessary to prevail on such a motion. Therefore, Williamson's Motion to Alter or Amend Judgment should be denied.

RESPECTFULLY SUBMITTED, this the 29th day of November, 2017.

**ADAMS AND REESE LLP**

/s/ *Robert Parrott*
G. Robert Parrott II (MSB No. 103970)
L. Cole Callihan (LA No. 33756, *pro hac vice*)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone:   504.581.3234
Facsimile:   504.566.0210
robert.parrott@arlaw.com
cole.callihan@arlaw.com
*Counsel for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing documents been served upon all counsel of record via the CM/ECF electronic notice system on this the 29th day of November, 2017.

/s/ *Robert Parrott*
**ROBERT PARROTT**