IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VOLVO FINANCIAL SERVICES,
a division of VFS US LLC                                          PLAINTIFF

v.                                                CAUSE NO. 1:17cv104-LG-RHW

ELVIS WILLIAMSON                                                  DEFENDANT

### ORDER GRANTING MOTION FOR ATTORNEYS' FEES
### FILED BY VOLVO FINANCIAL SERVICES

**BEFORE THE COURT** is the [24] Motion for Attorneys' Fees filed by the plaintiff Volvo Financial Services. The defendant, Elvis Williamson, has filed a response in opposition to the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for Attorneys' Fees should be granted to the extent that Volvo is awarded attorney's fees in the amount of $21,435 and expenses in the amount of $965.53.

### BACKGROUND

Volvo financed Williamson's purchase of eight trucks. In 2016 and 2017, Volvo repossessed and sold seven of the trucks. Each sale resulted in a deficiency balance; thus, Volvo filed this lawsuit seeking a deficiency judgment. On October 18, 2017, this Court entered a [22] Memorandum Opinion and Order granting summary judgment in favor of Volvo in the amount of $296,956.62 plus interest, costs, and attorney's fees to be awarded upon application by Volvo.

### DISCUSSION

Volvo argues that the award of attorneys' fees in this case should be governed by North Carolina law, because the promissory notes at issue in this case contain the

following choice of law provision: "This Note shall be effective only when accepted by Lender and shall be governed by the substantive (and not choice of law or conflicts) laws of the State of North Carolina." Williamson argues that Mississippi law applies.

"The law of the forum determines whether an issue in the action is substantive or procedural in nature." *Hartford Underwriters Ins. Co. v. Found. Health Servs. Inc.*, 524 F.3d 588, 593 (5th Cir. 2008). Under Mississippi law, awards of attorneys' fees are procedural in nature. *Id.* Therefore, the choice of law provision in the promissory notes does not require application of North Carolina law to the issue of attorneys' fees.

Mississippi Rule of Professional Conduct 1.5 provides that "[a] lawyer's fee shall be reasonable." Miss. Rules of Prof'l Conduct R. 1.5(a). To determine reasonableness, Mississippi courts use "as a starting point the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate . . . ." *Tupelo Redevelopment Agency v. Gray Corp., Inc.*, 972 So. 2d 495, 522 (Miss. 2007). "[T]he issue of attorneys' fees must then be appropriately considered in light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Id.*

> Miss. R. Prof. Conduct Rule 1.5(a) provides:
>
> The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent.

Miss. R. of Prof'l Conduct 1.5(a). The *McKee* factors are:

> the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case.

*Tupelo Redevelopment Agency*, 972 So. 2d at 521 (quoting *McKee v. McKee*, 418 So.2d 764, 767 (Miss. 1982)).

In this case, three attorneys — Gregory Rouchell, Cole Callihan, and Robert Parrott — represented Volvo. Mr. Rouchell has been licensed to practice law in Louisiana since 2003, and he is a partner in the firm Adams and Reese LLP. He billed an hourly rate of $250. Mr. Parrott is a senior associate who has been practicing law in Mississippi since 2011 and Louisiana since 2017. Mr. Callihan is a senior associate with seven years of experience. Mr. Parrott and Mr. Callihan billed an hourly rate of $225. Williamson has not objected to the rates billed by the attorneys, and the Court finds that $250 per hour for a partner with approximately fifteen years of experience, and $225 per hour for senior associates with seven years of experience are reasonable hourly rates in the Southern District of Mississippi. *See Trout Point Lodge Ltd. v. Handshoe*, No. 1:12cv90-LG-JMR, 2013 WL 6524650, at *6 (S.D. Miss. Dec. 11, 2013); *Penthouse Owners Ass'n v. Certain Underwriters at Lloyd's*, No. 1:07cv568-HSO-RHW, 2011 WL 6699447, at *12 (S.D. Miss. Dec. 21, 2011).

Mr. Parrott billed a total of 57.8 hours for this case, while Mr. Callihan billed 35.8 hours and Mr. Rouchell billed a total of 1.5 hours. Williamson has not objected to the reasonableness of the number of hours billed. The Court has reviewed the time sheets submitted by these attorneys and determined that the number of hours billed is

reasonable. Therefore, the lodestar in this case is $21,435. After reviewing the Rule 1.5(a) and *McKee* factors, the Court sees no need to adjust the lodestar. Therefore, Volvo is entitled to recover $21,435 in attorney's fees.

Volvo has also incurred $965.53 in expenses, which includes the $400 filing fee, the $100 pro hac vice fee for Mr. Callihan, $363 for service of process, $8.79 for shipping, $4.40 for PACER, $7.22 for long distance phone calls, $0.12 for copies, and $82 for research on Lexis. The Court finds that these expenses are reasonable, given the nature of this case.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [24] Motion for Attorneys' Fees filed by the plaintiff Volvo Financial Services is **GRANTED**. Volvo Financial is awarded $21,435 in attorney's fees and $965.53 in expenses.

**SO ORDERED AND ADJUDGED** this the 28th day of February, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge